IN THE SUPREME COURT OF THE STATE OF DELAWARE

PETER R. HALL,              §
                                §    No. 379, 2017
    Plaintiff Below, Appellant,    §
                                §    Court Below:  The Superior Court
    v.                            §    of the State of Delaware
                                §
MARITEK CORPORATION,        §    C.A. No. 08C-07-123 DCS
MICHAEL J. GEOFFREY FULTON   §
and DAVID H. YOUNG,         §
                                §
    Defendants Below, Appellees.   §

Submitted:  March 7, 2018
Decided:  March 12, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

## **O R D E R**

This 12th day of March 2018, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of its opinion dated August 24, 2017.[1]

Without addressing the other grounds for dismissal that the Superior Court did not address and may well have had merit, we affirm the Superior Court's decision that the case should be dismissed for *forum non conveniens*. The Superior Court was well within its discretion to dismiss the complaint, particularly because the

---

[1] *Hall v. Maritek Corp.*, 170 A.3d 149 (Del. Super. 2017).

plaintiff had already advanced the core of his argument based on new evidence to the Privy Council during the appellate process from the Bahamian proceedings.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[2] We note that in one respect the Superior Court erred. In its decision, the Superior Court stated that the two individual defendants had no connection to Delaware. *Id.* at 160 ("Here, two of the Defendants have no connection to Delaware. The third Defendant, Maritek, is incorporated in Delaware."). That was not so, as they were directors and officers of a Delaware entity connected to the case. *Id.* at 157 (identifying Young as a director of Maritek, and Fulton as a director and officer of Maritek). The responsibility that fiduciaries of Delaware entities owe to their entities and their equity holders is important, and one our state takes seriously. *See Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007) ("Delaware courts have a 'significant and substantial interest in overseeing the conduct of those owing fiduciary duties to shareholders of Delaware corporations.'") (citing *In re Chambers Dev. Co. S'holders Litig.*, 1993 WL 179335, at *8 (Del. Ch. May 20, 1993)). But, the Superior Court was within its discretion to hold that in the context of this particular dispute, Delaware was not a convenient forum.